Filed 5/13/22  P. v. Cooper CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079588 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF135518) |
| MEIKEL JEROME COOPER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

David P. Lampkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2008, a jury convicted Meikel Jerome Cooper of second degree murder (Pen. Code,[1] § 187, subd. (a)) and attempted voluntary manslaughter (§§ 664 & 187).  The jury also found Cooper personally discharged a firearm causing death or great bodily injury as to the murder count (§ 12022.53,

---

[1]    All further statutory references are to the Penal Code.

subd. (c)) and a similar enhancement under section 12022.53, subdivision (a) as to the attempted manslaughter count. Cooper was sentenced to an indeterminate term of 42 years in prison.

Cooper appealed and this court affirmed his convictions in an unpublished opinion, *People v. Cooper*, D058080 (Mar. 8, 2011).

In 2019, Cooper filed a petition for resentencing under section 1170.95. The court appointed counsel, and held a hearing at which the following comments were made:

> "[PROSECUTOR]: Your Honor, this is another case where I've shared my notes with counsel. I've reviewed the record. Not only did sentencing occur in this case after January 1st, 2019, when SB-1437 went into effect, but there are no instructions on natural and probable consequences or felony murder.
>
> "[DEFENSE COUNSEL]: Submit. I have nothing to indicate that that's untrue.
>
> "THE COURT: You're not aware of any natural and probable consequences or felony murder instructions?
>
> "[DEFENSE COUNSEL]: That's correct.
>
> "THE COURT: Matter is dismissed."

The court denied Cooper's petition for resentencing.

Cooper filed a timely notice of appeal from the denial of his petition for resentencing.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandate by *Wende*. We offered Cooper the opportunity to file his own brief on appeal, but he has not responded.

2

## STATEMENT OF FACTS

The facts of the underlying offenses are set forth in our prior opinion. We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following issue that counsel considered in evaluating the potential merits of this appeal. Whether the court erred by dismissing Cooper's petition based on the prosecutor's undisputed oral representation that there had been no instructions on felony murder or natural and probable consequences, without receiving on the point, or itself examining the record of conviction.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Cooper on this appeal.

DISPOSITION

The order denying Cooper's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.